PER CURIAM:
Claimant, an inmate at the Mount Olive Correctional Complex, a facility of the respondent, brought this claim to recover the value of certain personal property items that were seized and destroyed by the respondent. Claimant placed a value of $50.00 on his property.
The claimant testified at the hearing of this matter that respondent seized and destroyed one pair of sweat pants and one spring-loaded eyeglass case that he was not permitted to have in his possession. On February 7,2008, the claimant paid the Arts and Crafts Department at the prison $ 11.66 to perform alterations on his sweat pants and sweat shirt. The claimant had the pants taken in and had velcro attached to the back pocket of the pants so that his compact disc player would not fall out.
On September 23, 2008, Arietta King, Store Keeper for the State Shop, seized the sweat pants containing the velcro, and she also seized the claimant’s spring-loaded eyeglass case. The claimant purchased his eyeglasses on March 25, 2008, at a cost of $272.00 and estimates that the value of the eyeglass case is $10.00. Claimant valued his sweat pants at $40.00. When the claimant filed a grievance regarding the seizure of his property, he was informed that he had two options: 1) send the property home or 2) have the property destroyed. The claimant stated that he did not have a place to mail his items, and he declined to make an election. Claimant’s property was destroyed on October 24, 2008.
Arietta King, Store Keeper at the State Shop, testified that she seized the claimant’s sweat pants because the claimant was not permitted to alter his clothing. Under respondent’s Policy Directive Number 325.00 (dated March 1, 2008), “contraband” is defined as follows: “Any item or article which is not specifically authorized in writing by the Commissioner or Warden/Administrator for inmate possession, or an authorized item which has been altered or which has been obtained from any unauthorized source.” Although the sweat pants were altered at the prison, Ms. King explained that an inmate performed the alteration, not prison personnel. In addition, Ms. King stated that the claimant’s spring-loaded eyeglass case is considered contraband because the metal inside the case can be used for impermissible purposes.
The Court finds that the claimant is entitled to receive compensation for the sweat pants because respondent’s Arts and Crafts Department authorized and approved the alteration. Since respondent properly seized the spring-loaded eyeglass case because it was considered contraband, the claimant is not entitled to receive compensation for this item.
Accordingly, the Court is of the opinion to and does make an award to the claimant in the amount of $40.00.
Award of $40.00.